**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Kevin Dodge, | : |
| | : Civil Action No.: 1:14-cv-10020 |
| Plaintiff, | : |
| v. | : |
| | : |
| Cellco Partnership, d/b/a Verizon Wireless; | : **COMPLAINT** |
| and DOES 1-10, inclusive, | : **JURY TRIAL DEMANDED** |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Kevin Dodge, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.  The Plaintiff, Kevin Dodge ("Plaintiff"), is an adult individual residing in Hinsdale, New Hampshire, and is a "person" as defined by 47 U.S.C. § 153(10).

5.  Defendant Cellco Partnership, d/b/a Verizon Wireless ("Verizon"), is a business entity with an address of 600 Unicorn Park Drive, Woburn, Massachusetts 01801, and is a "person" as defined by 47 U.S.C. § 153(10).

6.  Does 1-10 (the "Agents") are individual agents employed by Verizon and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.  Verizon at all times acted by and through one or more of the Agents.

## FACTS

8.  Within the last four years, Verizon contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

9.  At all times mentioned herein, Verizon contacted Plaintiff by placing calls to Plaintiff's cellular phone, number 603-xxx-1100 using an automated telephone dialer system ("ATDS") and/or an artificial or prerecorded voice.

10. When Plaintiff answered ATDS calls from Verizon, he would hear a prerecorded message stating that a payment towards his account was past due.

11. During their initial communication, Plaintiff informed Verizon that he had a stroke which had left him physically handicapped, and because of this he had trouble paying his bills on time. Plaintiff informed them that he would pay his bill as soon as he could.

12. Frustrated with the continued calls, during a conversation that took place in August 2013, Plaintiff requested that Verizon cease calling his cellular phone.

13. Despite Plaintiff's request and knowledge of his disability, Verizon continued to place ATDS calls to Plaintiff on his cellular phone at a rate of up to five calls on a daily basis.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an ATDS and/or by using a prerecorded or artificial voice.

16. Plaintiff revoked his consent to be contacted by Defendants on his cellular telephone by his demand to cease calling his cellular telephone.

17. Defendants placed automatic telephone calls to Plaintiff's cellular telephone despite Plaintiff advising Verizon to cease all such calls. Thus, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Verizon was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendants constitute a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

21. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT II**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

25. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

26. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced calls.

27. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

28. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

29. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

30. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Actual damages from Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

3. Punitive damages; and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 3, 2014

>Respectfully submitted,
>
>By  */s/ Sergei Lemberg*
>
>Sergei Lemberg (BBO# 650671)
>LEMBERG LAW, L.L.C.
>1100 Summer Street, 3rd Floor
>Stamford, CT 06905
>Telephone: (203) 653-2250
>Facsimile:  (203) 653-3424
>Attorneys for Plaintiff